**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50206 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-04151-LAB-1 |
| v. | |
| JONATHAN REYES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted April 10, 2015
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and QUIST,[**] Senior District Judge.

Defendant–Appellant Jonathan Reyes appeals his conviction and sentence

after a jury trial for being an alien found in the United States after previously being

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

deported under 8 U.S.C. § 1326. We exercise jurisdiction under 28 U.S.C. §§ 1291, 1294; 18 U.S.C. § 3742, and affirm.

**1.** Reyes moved to dismiss the indictment on the grounds his underlying removal order was defective. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 837–38 (1987). The district court correctly denied Reyes's motion to dismiss the indictment because, even if the agency's violation of his right to a 14-day waiting period before removal violated due process, that violation caused him no prejudice. Reyes has provided no evidentiary basis for his claim that had he gone before an immigration judge he would have had plausible grounds for relief from deportation. *See United States v. Arrieta*, 224 F.3d 1076, 1082–83 (9th Cir. 2000).

**2.** Reyes argues the district court improperly permitted a government lay witness to identify him at trial based on a photograph. Although that identification was improper because the witness did not have "sufficient contact with the defendant to achieve a level of familiarity that render[ed] the lay opinion helpful," *United States v. Beck*, 418 F.3d 1008, 1014 (9th Cir. 2005) (internal quotation marks omitted), Reyes's identity was proven by "other in-court identifications and fingerprint evidence," *United States v. Albino-Loe*, 747 F.3d 1206, 1211 (9th Cir. 2014). So, any error was harmless.

**3.** Reyes argues evidence regarding a document's incorrect A-number was not properly turned over pursuant to Fed. R. Crim. P. 16 and *Brady v. Maryland*,

2

373 U.S. 83 (1963).  But even if the evidence Reyes claims was suppressed were material, it is neither likely (under Rule 16) nor reasonably probable (under *Brady*) that the jury would have acquitted Reyes had he had earlier access to it.  *See United States v. Doe*, 705 F.3d 1134, 1152–53 (9th Cir. 2013).  The incorrect number appeared only on the notice of intent, not the removal order, warrant of removal, or verification of removal (which also contained Reyes' fingerprint).  And the arresting Border Patrol agent testified that Reyes made multiple admissions to him that Reyes had previously been removed and did not have legal status in the United States.

**4.** Reyes argues this Circuit's model criminal jury instruction was incorrect in this case because the instruction does not specifically reference the differing burdens of proof in civil and criminal cases.  The model jury instructions properly instructed the jury on reasonable doubt.  They were neither inaccurate nor misleading.  *See United States v. Totoyan*, 474 F.3d 1174, 1179 (9th Cir. 2007).

**5.** Reyes claims the statutory sentencing maximum for his crime was two years because the district court did not require the government to prove his prior conviction to the jury.  This argument fails.  The statutory maximum sentence applicable to a particular defendant can only be increased by proof of the enhancing fact at trial—unless that fact is a prior conviction, as it was here.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998).  Reyes argues that

3

*Almendarez-Torres* has been vitiated by *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013). But that case does not explicitly overrule *Almendarez-Torres*. Just as we held when *Apprendi v. New Jersey* seemed to disapprove of *Almendarez-Torres*, "[t]he fact that the Supreme Court has expressed some ambivalence about its own jurisprudence [in *Almendarez-Torres*] does not give us the power to change it." *United States v. Grisel*, 488 F.3d 844, 847 (9th Cir. 2007).

**AFFIRMED.**